UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN REESE BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>Defendant. | Case No. 1:22-cv-00700-HBK<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT[1]<br><br>(Doc. No. 13) |

Pending before the Court is the parties' stipulated motion for attorney fees filed on October 19, 2022. (Doc. No. 13). The parties agree to an award attorney's fees and expenses to Plaintiff's attorney, Marc V. Kalagian of the Law Offices of Lawrence D. Rohlfing, Inc., in the amount of ONE THOUSAND dollars ($1,000.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of FOUR HUNDRED TWO dollars ($402.00)[2] under 28 U.S.C. § 1920. (*Id.* at 1).

On September 9, 2022, this Court granted the parties' Stipulated Motion for Voluntary

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 8).

[2] Plaintiff paid the $402.00 filing fee for this action. (Receipt No. ACAEDC-10273832).

Remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. No. 11). Judgment was entered the same day. (Doc. No. 12). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner does not oppose the requested relief. (Doc. No. 13).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.

Plaintiff requests a total award of ONE THOUSAND FOUR HUNDRED AND TWO DOLLARS ($1,402.00) in EAJA fees and costs. (Doc. No. 13). The Court finds the total award of $1,402.00 is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

////

////

Accordingly, it is **ORDERED:**

1. Plaintiff's stipulated motion for attorney fees and expenses (Doc. No. 13) is GRANTED.

2. The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA the amount of $ 1,402.00 in attorney fees and costs. Unless the Department of Treasury determines

1 that Plaintiff owes a federal debt, the government shall make payment of the fees to Plaintiff's
2 counsel, Marc V. Kalagian of the Law Offices of Lawrence D. Rohlfing, Inc., in accordance with
3 Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:   October 25, 2022

_____
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3